Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| MICHAEL JAMES TERPIN<br>Recurrido<br><br>v.<br><br>MAXINE SUSAN HOPKINSON<br>Peticionaria | KLCE202500601 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. SJ2024CV11674<br><br>Sobre:<br>Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 6 de agosto de 2025.

La Sra. Maxine Susan Hopkinson (señora Hopkinson o peticionaria) solicita la intervención de este Tribunal de Apelaciones con relación a un dictamen interlocutorio emitido por el Tribunal de Primera Instancia, Sala de San Juan, (TPI), el 2 de mayo de 2025. Mediante dicha determinación el foro primario declaró *No Ha Lugar* una *Solicitud urgente de medidas cautelares* instada por la señora Hopkinson, dentro del pleito sobre liquidación de comunidad de bienes iniciado por el señor Michael James Terpin, (señor Terpin o recurrido).

Examinados los asuntos traídos ante nuestra consideración, decidimos no intervenir con el curso decisorio elegido por el foro recurrido, permitiendo que continúen allí los procesos. Es decir, teniendo en consideración la tempranísima etapa procesal en la que se encuentra este caso, sin más elementos que puras alegaciones hasta el momento sobre las medidas cautelares solicitadas, juzgamos inoportuna o a destiempo una actuación por nuestra parte sobre los asuntos sustantivos planteados.

NÚMERO IDENTIFICADOR

RES2025_____

## I. Resumen del tracto procesal pertinente

Las partes de epígrafe estuvieron casadas entre sí bajo el régimen de económico de sociedad de gananciales, hasta el 28 de junio de 2024, fecha en que se divorciaron mediante *Sentencia* dictada a tal efecto, surgiendo entonces entre estos una comunidad de bienes post ganancial. En consecuencia, existiendo aun bienes gananciales sujetos a liquidación, el 24 de diciembre de 2024, el señor Terpin instó una *Demanda* sobre liquidación de bienes gananciales.

En respuesta, la señora Hopkinson presentó *Contestación a demanda y reconvención*. Luego de admitir y alegar algunas las alegaciones contenidas en la *Demanda*, esgrimió varias defensas afirmativas. A renglón seguido mediante la *Reconvención* imputó al señor Terpin, entre otras: utilizar el dinero de la extinta sociedad de bienes gananciales para su beneficio personal, sin consultarlo; mantenerla al margen de los beneficios derivados de dichos bienes; ostentar el control unilateral de tales bienes muebles e inmuebles. A tenor, incluyó una lista de quince (15) remedios solicitados al Tribunal.

En la misma fecha, la señora Hopkinson también presentó una *Solicitud urgente de medidas cautelares provisionales*, en la que, en lo esencial, reprodujo varias de las alegaciones contenidas en la *Reconvención*, e incluyó argumentos en derecho por los cuales, a su juicio, el tribunal *a quo* debía ordenar las medidas cautelares reclamadas, antes de que aconteciera la partición del caudal *post* ganancial.

A raíz de lo cual, el señor Terpin presentó una *Réplica a solicitud de medidas cautelares provisionales*. Sobre las medidas cautelares peticionadas este arguyó: que estaban sustentadas en meras alegaciones, carentes de prueba; que el Código Civil de 2020 disponía para la solicitud de tales medidas provisionales durante el proceso de disolución, por lo que debieron haber sido instadas en dicha fase; que, en efecto, en el proceso de

disolución se trabó la controversia sobre las medidas provisionales solicitadas por la señora Hopkinson, se vio una vista evidenciaría sobre el asunto, y esta tuvo como resultado que el foro primario que la atendió las denegara, el 5 de diciembre de 2024; la coadministración del negocio de criptomoneda con esta iría en detrimento y afectaría el rendimiento del negocio, por cuanto la señora Hopkinson desconoce sobre el tema.

Contando con la posición de las partes sobre la *solicitud de medidas provisionales*, el TPI emitió la *Resolución* cuya revocación nos solicita la señora Hopkinson, declarándola *No Ha Lugar.*[1]

Inconforme, la peticionaria acude ante nosotros, mediante recurso de *certiorari*, señalando la comisión de los siguientes errores por el foro recurrido:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA SOLICITUD URGENTE DE MEDIDAS CAUTELARES PROVISIONALES PRESENTADA POR LA PETICIONARIA MAXINE SUSAN HOPKINSON DE MODO SUMARIO Y SIN CELEBRAR UNA VISTA EVIDENCIARIA A TALES EFECTOS, AUN CUANDO QUE EXISTE UNA NOTORIA CONTROVERSIA DE HECHOS Y DE DERECHO ENTRE LAS PARTES.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DESCANSAR EN LA INTERPRETACIÓN INCORRECTA DE LA PARTE RECURRIDA SOBRE LA APLICABILIDAD DE LA NORMATIVA CONTENIDA EN EL CÓDIGO CIVIL DE PUERTO RICO VIGENTE, AL SOSTENER QUE LAS MEDIDAS CAUTELARES PROVISIONALES UNICAMENTE PUEDEN SOLICITARSE Y CONCEDERSE DENTRO DEL PROCESO DE DIVORCIO.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ACEPTAR COMO BASE PARA DECLARAR NO HA LUGAR LA SOLICITUD DE LA PETICIONARIA EL ARGUMENTO DE QUE ESTA NO TIENE NECESIDAD ECONÓMICA, OBVIANDO LA FUNCIÓN Y PROPÓSITO DE LAS MEDIDAS CAUTELARES PARA EVITAR PERJUICIOS IRREPARABLES SOBRE LA COMUNIDAD DE BIENES POSTGANANCIALES HABIDA ENTRE LAS PARTES.
>
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL ACEPTAR QUE LA PETICIONARIA CARECE DE CAPACIDAD PARA COADMINISTRAR LOS BIENES COMUNES POR DESCONOCIMIENTO SOBRE LOS ACTIVOS DE LA COMUNIDAD DE LA QUE ES PARTE Y ACOGER UNA VISIÓN RESTRICTIVA Y DISCRIMINATORIA CONTRA EL PRINCIPIO DE IGUALDAD QUE RIGE LA COMUNIDAD DE BIENES RECONOCIDO POR LEY Y REITERADO POR LA JURISPRUDENCIA VINCULANTE EN NUESTRO ORDENAMIENTO JURÍDICO VIGENTE.

---

[1] Antes de acudir ante nosotros la peticionaria instó moción de reconsideración al TPI, que retiró en un momento previo a presentar el recurso de *ceriorari* bajo examen y por ello ostentamos jurisdicción sobre el asunto.

## II. Exposición de Derecho

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.*, 194 DPR 723, 728 (2016). Es, en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction*, supra, pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction*, supra, págs. 711-712; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier

otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra*. De ser así, entonces procede evaluar si a la luz de los criterios enumerados en la Regla 40[2] de nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró, supra.*

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Cónsono con esto, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730. Además, en su mayor parte, las determinaciones interlocutorias pueden esperar hasta la conclusión final del caso para ser

---

[2]   A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
   B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
   C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
   D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.
   E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
   F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
   G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

revisadas en apelación, conjuntamente con la sentencia dictada en el pleito. *IG Builders et al. v. BBVAPR,* supra, pág. 336.

Por último, conviene enfatizar en este caso, que la denegatoria de un tribunal apelativo a expedir un recurso de *certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos. *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 12 (2016). Por el contrario, es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. *Torres Martí v. Torres Gigliotty*, 175 DPR 83, 98 (2008). Por esto, la denegatoria a expedir un recurso de *certiorari* tampoco constituye la ley del caso. *Cacho Pérez v. Hatton Gotay,* supra.

## III.  **Aplicación del Derecho a los hechos**

Según adelantamos, luego de examinar las incidencias procesales acontecidas hasta el momento en este caso, no advertimos que el TPI hubiese abusado de su discreción o actuado de forma errónea al denegar la solicitud de remedios provisionales instada por la peticionaria, cuando recién inicia el proceso de liquidación de bienes post gananciales, a pocos meses de concluir el pleito de divorcio en el cual la provisión de medidas provisionales en favor de la peticionaria ya había sido discutida. Aunque resulte repetitivo, no solo tomamos en consideración el hecho indisputable de que en el caso ante nuestra atención ni siquiera se ha iniciado el descubrimiento de prueba, y la solicitud de remedio provisionales está sostenida por meras alegaciones, sino que también pesa en nuestro criterio la cercanía del proceso de divorcio recién concluido, en el cual el foro primario tuvo oportunidad de pasar juicio sobre asuntos similares a los alzados ante nosotros, sobre las medidas cautelares en particular.

Con lo anterior no estamos dilucidando o concediendo que opere aquí la figura de la cosa juzgada, sin embargo, al auscultar si nuestra actuación con un dictamen interlocutorio sería oportuna, sí tomamos en

consideración la recién intervención del TPI en el caso de divorcio, donde, a todas luces, fueron sopesadas las necesidades de la peticionaria por causa del advenimiento de la comunidad post ganancial, y ante esto resulta difícil justificar nuestra irrupción con el proceso marcado por el foro recurrido al atender el pleito sobre división de tales bienes.

En definitiva, no consideramos oportuna nuestra intervención en esta etapa temprana de la causa de acción instada, observando que nuestro Tribunal Supremo ha reiterado que la Regla 52.1 de Procedimiento Civil, *supra*, tiene como propósito evitar la revisión judicial de aquellas órdenes o resoluciones que dilatarían innecesariamente el proceso. *Scotiabank v. ZAF Corp. et al*, 202 DPR 478 (2019).

## IV. Parte dispositiva

Por lo explicado, hemos decidido denegar expedir el recurso de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones